## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

LARRY F. GREGORY

  Plaintiff,

VS.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
MARK S. INCH, T. JARVIS, L.
SHULTS, B. BEHRENS, M. CHANEY,
MR. BOLEY, DR. MOURIZ, MRS.
CLECKNER, M. BERMAN, JOHN and/
or JANE DOES 1 - 12, are being
sued in their official and
individual capacities,

  Defendants.

Case No: 5:18-CV-381-0C-10PRC

Hon:_____

Mag. Judge:_____

FILED

2018 JUL 23 PM 12: 16

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

## VERIFIED COMPLAINT FOR DAMAGES
## WITH JURY TRIAL DEMAND

COMES NOW, LARRY F. GREGORY, in propria persona, and complains against the above - named Defendants, and in support thereof, alleges and states as follows:

### A. VENUE

1. Venue is properly laid pursuant to 28 U.S.C. § 1391(b) and (e) in that: a) Defendants reside and/or work in the Middle District of Florida; b) a substantial part of the events or omissions giving rise to the claims asserted herein occured in the Middle District of Florida; and c) Defendants are officers and/or employees of the United States, acting under color of Federal law and in their official capacities.

1.

## B. JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 in that this a civil action involving a "Federal question" under the Constitution, and/or laws of the United States.

3. This Court has jurisdiction under the Constitution, Article III, Section 2, clause 1, which extends judicial power to "all cases, in law and equity, arising under this Constitution, and the laws of the United States".

4. This Court has jurisdiction over the Plaintiff's "FTCA"/negligence claims pursuant to 28 U.S.C. § 1346(b), and § 2671 - 80.

5. On September 19, 2016 the Plaintiff filed a standard form (95) (Administrative Tort Claim) for personal injury with damages to the Southeast Regional Office of the Federal Bureau of Prisons. The standard form (95) was amended by the Plaintiff on November 3, 2016 and was denied on February 22, 2018.

## C. PARTIES

6. Plaintiff is Larry F. Gregory, a United States citizen, currently being held in the Federal Correctional Institution Marianna, in Marianna, Florida. As a Federal Bureau of Prisons (hereinafter "FBOP") inmate, he is afforded protection by the Eighth Amendment's prohibition against cruel and unusual punishment involving prison officials deliberate indifference to a substantial risk of serious harm to inmates who suffer

2.

injury. See **Farmer v. Brennan**, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); and owed him a duty of reasonable care under Federal Statue 18 U.S.C. § 4042(a), which reads, 1.) Provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; 2.) Provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States. See **United States v. Muniz**, 374 U.S. 150, 165, 83 S. Ct. 1850 (1963).

    7. Defendants: **(a) United States** is being named pursuant to Federal Statue 28 U.S.C. § 1346(b), and § 2671 – 80, which reads: The "FTCA" permits suit in Federal Court for damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission by it's employees. The "FTCA" makes the Government liable under the Doctrine of "Respondeat Superior" for it's employees negligence.

    **(b) Mark S. Inch** is the current Director of the "FBOP" (hereinafter referred to as the Defendant). He is being sued in his official and individual capacities.

    **(c) John and/or Jane Does #'s 1, 2, and 3** are Designation, Sentence, and Computation Center employees located in Grand Prairie, Texas. "DSCC" employees were legally responsible for for designating inmates to their initial destination/ prison and protecting their health and safety. They are being sued in their official and individual capacities.

3.

(d) **T. Jarvis** was the Acting Warden at USP - 1 Coleman at all relevant times complained of in this complaint. The Acting Warden was legally responsible for the overall operations at USP - 1 Coleman and protecting inmates health and safety. She is being sued in her official and individual capacities.

(e) **L. Shults** was the Warden/Associate Warden at USP - 1 Coleman at all relevant times complained of in this complaint. The Warden/Associate Warden was legally responsible for the overall operations at USP - 1 Coleman and protecting inmates health and safety. He is being sued in his official and individual capacities.

(f) **B. Behrens** was the Captain at USP - 1 Coleman at all relevant times complained of in this complaint. The Captain was legally responsible for the daily operations at USP - 1 Coleman and protecting inmates health and safety. He is being sued in his official and individual capacities.

(g) **John Does #'s 4 and 5** are Special Investigation Services officers at all relevant times complained of in this complaint. The Special Investigation Service officers was legally responsible for the security at USP - 1 Coleman, in charge of conducting intake screening interviews, and protecting inmates health and safety. They are being sued in their official and individual capacities.

(h) **John Doe # 6** was the Operations Lieutenant at USP - 1 Coleman at all relevant times complained of in this complaint.

4.

The Operations Lieutenant was legally responsible for the daily operations at USP - 1 Coleman and protecting inmates health and safety. He is being sued in his official and individual capacities.

(i) **M. Chaney** was a Case Manager at USP - 1 Coleman at all relevant times complained of in this complaint. M. Chaney was legally responsible for protecting inmates health and safety. He is being sued in his official and individual capacities.

(j) **Mr. Boley** was a Unit Manager at USP - 1 Coleman at all relevant times complained of in this complaint. Mr. Boley was legally responsible for protecting inmates health and safety. He is being sued in his official and individual capacities.

(k) **Dr. Mouriz** was the Challenge Program Coordinator at USP - 1 Coleman at all relevant times complained of in this complaint. Dr. Mouriz was legally responsible for protecting inmates health and safety. He is being sued in his official and individual capacities.

(l) **Mrs. Cleckner** was the Case Manager Coordinator at USP - 1 Coleman at all times complained of in this complaint. The Case Manager Coordinator was legally responsible for newly designated inmate arrivals at USP - 1 Coleman and protecting their health and safety. She is being sued in her official and individual capacities.

(m) **John** and/or **Jane Does #'s 7, 8, and 9** was Compound, Recreation, and/or Corrections officers at USP - 1 Coleman at all, relevant times complained of in this complaint. The Compound,

5.

Recreation, and Corrections officers was legally responsible for protecting inmates health and safety. They are being sued in their official and individual capacities.

(n) **John** and/or **Jane Does #'s 10 and 11** was Recreation Tower officers at USP - 1 Coleman at all times complained of in this complaint. The Recreation Tower officers was legally responsible for protecting inmates health and safety. They are being sued in their official and individual capacities.

(o) **M. Berman** was a health services employee at USP - 1 Coleman at all relevant times complained of in this complaint. M. Berman was legally responsible for providing adequate medical treatment for inmates medical needs at USP - 1 Coleman. He is being sued in his official and individual capacities.

(p) **Jane Doe # 12** was a nurse at USP - 1 Coleman at all relevant times complained of in this complaint. The nurse was legally responsible for providing adequate medical treatment for inmates medical needs at USP - 1 Coleman. She is being sued in her official and individual capacities.

8. Defendants are being sued in their official and individual capacities.

9. At all times herein, Defendants were acting as an officer, employee of a Federal agency or otherwise a person acting on behalf of a Federal agency in an official capacity and under color of Federal law in an individual capacity.

## D. EXHAUSTION OF AVAILABLE REMEDIES

10. The Plaintiff has exhausted his Administrative remedies

6.

and the standard form (95) to the best of his abilities before filing this complaint.

**E. FACTS**

11. On March 2, 2015 the Plaintiff was sentenced to a (60) month binding term of imprisonment to be served in the care and custody of the "FBOP". The Plaintiff cooperated with the Government and is non - gang affiliated.

12. On or about March 16, 2015 the Plaintiff was designated to USP - 1 Coleman by John and/or Jane Does #'s 1, 2, and 3, Designation, Sentence, and Computation Center employees located in Grand Prairie, Texas.

13. Upon information and belief John and/or Jane Does #'s 1, 2, and 3, "DSCC" employees had actual knowledge of the Plaintiff's cooperation with the Government and non - gang affiliation when designating him to USP - 1 Coleman, where active gang members reigned, gang affiliated inmates checked non - gang affiliated inmates Court paperwork, cooperating inmates are not tolerated, and violence and terror ran Amok on cooperating/non - gang affiliated inmates.

14. On or about April 2, 2015 the Plaintiff arrived at USP - 1 Coleman, in Coleman, Florida.

15. Shortly after the Plaintiff's arrival he attended an intake screening interview by John Does #'s 4 and 5, Special Investigation Services, "SIS" officers.

16. During the intake screening interview the Plaintiff informed John Does #'s 4 and 5 that he cooperated with the

7.

the Government, non - gang affiliated, and feared for his safety thereof at USP - 1 Coleman.

17. Also, during the intake screening interview the Plaintiff asked John Does #'s 4 and 5, "SIS" officers why was he brought to USP - 1 Coleman when he cooperated with the Government, was non - gang affiliated, and if he would be safe in general population.

18. John Does #'s 4 and 5, "SIS" officers response was that the Plaintiff was brought to USP - 1 Coleman because they needed white guys on the Compound and that he should be just fine in general population.

19. The Plaintiff was ultimately assured of his safety by John Does #'s 4 and 5, "SIS" officers and shortly thereafter was assigned to "M" Unit and placed in general population as a piece of "RAW MEAT" with a "PACK OF WOLVES" that had not eaten in weeks.

20. John Does #'s 4 and 5, "SIS" officers possessed actual knowledge that the defenseless Plaintiff would be prayed upon in general population by the "PACK OF WOLVES and that the "RAW MEAT" would be attacked.

21. On or about April 6 - 10, 2015 the Plaintiff went to speak with his "M" Unit, Unit Manager Mr. Boley about his safety.

22. The Plaintiff informed Mr. Boley that gang affiliated inmates were demanding his Court paperwork and that he cooperated with the Government, was non - gang affiliated,

and he feared for his safety and requested protection thereof at USP - 1 Coleman.

23. Mr. Boley ignored or forgot about protecting the Plaintiff's health and safety.

24. On or about April 6 - 10, 2015 the Plaintiff requested to be interviewed for the Challenge Program because he thought he would be safer their.

25. Soon thereafter the Plaintiff was interviewed by Dr. Mouriz, the Challenge Program Coordinator and was approved and accepted in the Program.

26. On or about April 13 - 17 the Plaintiff was moved to "H" Unit to start the Challenge Program and soon after his arrival he went to speak with his new Case Manager, M. Chaney about his safety.

27. The Plaintiff informed M. Chaney that several gang affiliated inmates had recently approached him and demanded to see his Court paperwork, that he cooperated with the Government, was non - gang affiliated, and that he feared for his safety thereof at USP - 1 Coleman.

28. The Plaintiff therefor requested to be moved to "FCI" Coleman Medium or somewhere else safer.

29. M. Chaney ignored or forgot about protecting the Plaintiff's health and safety.

30. On or about April 20 - 24, 2015 the Plaintiff went to speak with Dr. Mouriz about his safety.

31. The Plaintiff informed Dr. Mouriz that several inmates

9.

came in his cell and stated he had (30) days from when he arrived at USP - 1 Coleman to provide his Court paperwork or else be hurt bad.

32. The Plaintiff therefor requested Dr. Mouriz's help in protecting his safety.

33. Dr. Mouriz offered the Plaintiff a copy of his "PSI" and/or "SOR" to show to the "PACK OF WOLVES".

34. The Plaintiff declined Dr. Mouriz's offer and was thrown right back to the "PACK OF WOLVES".

35. John Does #'s 4 and 5, "SIS" officers, M. Chaney, Mr. Boley, and Dr. Mouriz ignored, forgot about, or disregarded the Plaintiff's health and safety.

36. On or about April 25, 2015 the Plaintiff went to evening chow and after eating he was made to go directly to the recreation yard.

37. While on the recreation yard the Plaintiff was sought out by several unknown inmates and was viciously attacked and assaulted.

38. The assault occured at approximately 6:20 P.M. and lasted for approximately (10) minutes without any intervention by officers.

39. The location of the assault was close to the outside edge of the North side of the handball courts, which was in plain view of John and/or Jane Does #'s 10 and 11, Recreation yard Tower officers.

40. After what seemed a long time with no Correctional

10.

officers intervening while the Plaintiff was screaming at the
top of his lungs for help, after approximately "10 MINUTES"
the Plaintiff's beating stopped and he heard inmates running
away from him.

41. By the grace of God the Plaintiff somehow managed
to get to his feet and went to look for help when he finally
                    Doe L.G.
found a John #'s 7, 8, or 9 Compound, Recreation, Tower, and/or
Corrections officer.
                                    by L.G.
42. The Plaintiff was then escorted John Doe officer to
the Lieutenant's office, not medical and was harassed and
interagated for an extended period of time, of what seemed
to be approximately (15 MINUTES).

43. The Plaintiff was then escorted to Jane Doe # 12 nurse
who assessed his injuries and disregarded/downplayed the serious
nature of the assault and injuries and classified them as being
minor cut(s) and/or abrassions.

44. Subsequently the Plaintiff was not transported to
an outside Hospital/ Emergency room to receive adequate medical
care for his serious injuries.

45. As a result of the assault the Plaintiff was tripped
from behind and violently taken off his feet and repeatedly
struck in the head and facial areas that knocked his head and
face into the handball court pavement.

46. The Plaintiff was also repeatedly kicked all over
his body with composite toe boots.

47. The Plaintiff suffered the following injuries as a

11.

result of the assault:

a. Laceration to his right eye brow.

b. Permanent scar on his right eyebrow.

c. Bruising and swelling to his right eye.

d. Distorted vision.

e. Black eye.

f. Bleeding from his face, knees, legs, and elbows.

g. Swelling of multiple areas of his body.

h. Multiple skin cuts and abrassions all over his body.

i. Back pain.

j. Neck pain.

k. Bruised ribs.

l. Headaches.

m. Dizzy spells.

n. Post Tramatic Stress Disorder.

o. Anxiety.

p. Depression.

q. Constant intense feelings of imminent danger.

r. Fear of subsequent assaults.

s. Emotional injuries.

t. Mental anguish.

u. Embarrassment.

v. Humiliation.

w. Lack of trust for his safety by prison officials.

48. As the victim of an assault, the Plaintiff was placed in Administrative detention and treated the same as or worse than inmates actually being in the "SHU" for committing disciplinary acts.

49. While being housed in Administrative detention for approximately a little over (3) months, the Plaintiff was deprived of normal inmate activities that are offered in the general prison population.

50. More specifically, the Plaintiff was deprived of adequate medical care, contact visits with his family, telephone access, most commissary items, and recreational activities.

51. The Plaintiff's "SHU" celly Ismael Renteria is an eye witness to the many unanswered medical requests that the Plaintiff submitted and the pain and suffering endured thereof.
L.G

52. Upon information and belief the Defendant Mark S. Inch, the Director of the "FBOP" possessed actual knowledge of gang affiliated inmates checking non - gang inmates Court paperwork and that cooperating inmates such as the Plaintiff was not tolerated and therefor threatened and assaulted thereof, at USP - 1 Coleman.

53. Upon information and belief the Defendants T. Jarvis, the Acting Warden and L. Shults, the Warden/Associate Warden at USP - 1 Coleman possessed actual knowledge of gang affiliated inmates checking non - gang inmates Court paperwork and that cooperating inmates such as the Plaintiff was not tolerated and therefor threatened and assaulted thereof, more specifically in and around the handball courts where the Plaintiff and many other similarly situated inmates have been assaulted in the past.

54. Upon information and belief the Defendant B. Behrens, the Captain at USP - 1 Coleman possessed actual knowledge of gang affiliated inmates checking non - gang inmates Court paperwork and that cooperating inmates such as the Plaintiff are not tolerated and therefor threatened and assaulted thereof,

13.

Case 5:18-cv-00381-WTH-PRL   Document 1   Filed 07/23/18   Page 14 of 28 PageID 14

at USP - 1 Coleman. The Defendant was on notice of the violence
that ocurred and reocurred frequently at USP - 1 Coleman on
inmates such as the Plaintiff and he failed to eliminate such
threats, assaults, and violence and had he done so, there is
a high probability that the L.G. threats, assaults, and violence against
the Plaintiff and other inmates would have never occured.

55. Upon information and belief the Defendant John Doe
# 6, the Operations Lieutenant at USP - 1 Coleman possessed
actual knowledge of gang affiliated inmates checking non -
gang inmates and cooperating inmates Court paperwork and the
threats, assaults, and violence that occured and reoccured
thereof. The Defendant, as Operations Lieutenant, despite being
on notice about the threats, assaults, and violence at USP
- 1 Coleman, more specifically in and around the handball courts
never issued a directive or commissioned an officer placement
assessment to assure that the high risk areas for assaults
and violence were adequately monitored and manned.

56. Upon information and belief the Defendant Mrs. Cleckner
the Case Manager Coordinator at USP - 1 Coleman possessed actual
knowledge that the Plaintiff was non - gang affiliated and
cooperated with the Government, that his security points were
wrong and needed updated, and that his health and safety was
put in jeopardy thereof. The Defendant being the Case Manager
Coordinator was in charge of and protecting the health and
safety of all newly designated/arrived inmates such as the
Plaintiff at USP - 1 Coleman.

14.

57. The Plaintiff will be seeking the unknown identities of John and/or Jane Does #'s 1 - 12 through Discovery as the "FBOP" has made it very complicated in identifying said subjects.

58. The Plaintiff through his due diligence has filed "FOIA" Freedom Of Information Act requests to the "FBOP" in an attempt to identify John and/or Jane Does #'s 1 - 12, but the "FBOP" has failed to provide their identities.

**F. CLAIMS FOR RELIEF**

A. FAILURE TO PROTECT

57. The failure of the Defendants, Mark S. Inch - **COUNT (1)**, John and/or Jane Does #'s 1, 2, and 3 - **COUNT (2)**, T. Jarvis - **COUNT (3)**, L. Shults - **COUNT (4)**, B. Behrens - **COUNT (5)**, John Does #'s 4 and 5 - **COUNT (6)**, John Doe # 6 - **COUNT (7)**, M. Chaney - **COUNT (8)**, Mr. Boley - **COUNT (9)**, Dr. Mouriz - **COUNT (10)**, Mrs. Cleckner - **COUNT (11)**, to act on their actual knowledge of a substantial risk of serious harm to the Plaintiff violated his Eighth Amendment rights to be free from deliberate indifference to his health and safety.

58. As a result of the Defendants Mark S. Inch, John and/or Jane Does #'s 1, 2, and 3, T. Jarvis, L. Shults, B. Behrens, John Does #'s 4 and 5, John Doe # 6, M. Chaney, Mr. Boley, Dr. Mouriz, and Mrs. Cleckner's failure, the Plaintiff was viciously assaulted and received serious physical and mental/ emotional injuries and damages.

B. DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

59. The refusal/failure of Defendants M. Berman and Jane

Doe # 12, nurse – **COUNT (12)**, to transfer the Plaintiff to receive adequate medical care for his serious medical needs constituted deliberate indifference to his health and safety and therefore violated his Eighth Amendment rights.

60. The failure of Defendants M. Berman and Jane Doe # 12, nurse to take reasonable steps to ensure the Plaintiff received adequate medical care, despite their actual knowledge of his serious medical needs/condition, constituted deliberate indifference to the Plaintiff's health and safety.

61. As a result of the Defendants M. Berman and Jane Doe # 12, nurse's failure to provide adequate medical care, the Plaintiff suffered further physical and mental/emotional injury of pain & suffering.

C. NEGLIGENT FAILURE TO PROTECT

Defendant, Mark S. Inch – **COUNT (13)**

Director of the Federal Bureau of Prisons, (FBOP)

62. The "FBOP" through it's Director, the Defendant, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

63. The Defendant Mark S. Inch owed the Plaintiff a duty of reasonable care to protect him from assault by other inmates.

64. The Defendant Mark S. Inch breached that duty by failing to provide protection and ignoring or turning a blind eye to the serious risks of violence associated with gang affiliated inmates checking non-gang affiliated, cooperating inmates Court paperwork, when upon...

16.

information and belief the Defendant possessed insight on these
ongoing practices at USP - 1 Coleman.

65. The breach of duty resulted in serious physical and
mental/emotional injuries and damages.

66. The breach of duty proximately caused the injuries
and damages alleged in this complaint.

Defendant, T. Jarvis - **COUNT (14)**

Acting Warden at USP - 1 Coleman

67. The "FBOP", through it's Acting Warden, the Defendant,
had a duty to provide suitable quarters and provide for the
safe keeping, care, and subsistence of all persons charged
with or convicted of offenses against the United States.

68. The Defendant T. Jarvis breached that duty by being
directly and immediately aware of gang affiliated inmates
checking non - gang and cooperating inmates Court paperwork
and the threats, assaults, and violence that occured and
reoccured frequently thereof, more specifically by the handball
courts where the Plaintiff and many other similarly situated
inmates have been assaulted, when upon information and belief
the Defendant possessed insight on this information and did
not apply a solution to correct the problems.

69. The Defendant, therefore through her negligence and
gross negligence breached the duty of care owed to the Plaintiff
that resulted in serious physical and mental/emotional injuries
and damages.

70. The breach of duty proximately caused the injuries

17.

and damages alleged in this complaint.

Defendant, L. Shults - **COUNT (15)**

Warden/Associate Warden at USP - 1 Coleman

71. The "FBOP" through it's Warden/Associate Warden, the Defendant, had a duty to provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

72. The Defendant L. Shults breached that duty by being directly and immediately aware of gang affiliated inmates checking non - gang and cooperating inmates Court paperwork and the threats, assaults, and violence that occured and reoccured thereof, more specifically near the handball courts where the Plaintiff and many other similarly situated inmates have been assaulted, when upon information and belief the Defendant possessed insight on this information and turned a blind eye and therefore never applied a solution to correct the problems.

73. The Defendant, therefore through his negligence and gross negligence breached the duty of care owed to the Plaintiff that resulted in serious physical and mental/emotional injuries and damages.

74. The breach of duty proximately caused the injuries and damages alleged in this complaint.

Defendants, John and/or Jane Does #'s 1, 2, and 3 - **COUNT (16)**

"DSCC" employees, Grand Prairie, Texas

75. The "FBOP" through it's Designation, Sentence, and

18.

Computation Center employees, the Defendants, had a duty to provide suitable quarters and for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

76. The Defendants John and/or Jane Does #'s 1, 2, and 3 "DSCC" employees were on notice of the Plaintiff's cooperation with the Government, non - gang affiliation when designating him to USP - 1 Coleman where such inmates are not tolerated and therefore threatened, assaulted, and prayed upon.

77. The Defendant's, therefore through their negligence/ gross negligence breached the duty of care owed to the Plaintiff that resulted in serious physical and mental/emotional injuries and damages.

78. The breach of duty proximately caused the injuries and damages alleged in this complaint.

Defendant, B. Behrens - **COUNT (17)**

Captain at USP - 1 Coleman

79. The "FBOP" through it's Captain, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States and provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States.

80. The Defendant was on notice that the area in and around the handball courts precipitated assaults or otherwise violence, however the Defendant failed to eliminate such violence, and

19.

had he done so, there is a high probability that the assault against the Plaintiff and many other similarly situated inmates would have never occured.

81. The Defendant, therefore through his negligence/gross negligence breached the duty of care owed to the Plaintiff that resulted in serious physical and mental/emotional injuries and damages.

82. The breach of duty proximately caused the injuries and damages alleged by the Plaintiff in this complaint. Defendants, John Does #'s 4 and 5 - **COUNT (18)** "SIS" officers at USP - 1 Coleman

83. The "FBOP" through it's "SIS" intake screening officers, the Defendants, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

84. The Defendants were directly put on notice by the Plaintiff that he cooperated with the Government, was L.G. non - gang affiliated, and feared for his safety in the general prison population.

85. The Defendants, as "SIS" intake screening officers had direct knowledge of the Plaintiff's fears and therefore disregarded inmate health and safety by placing a piece of "RAW MEAT" in with the seasoned "PACK OF WOLVES" to be threatened, attacked, and assaulted.

86. The Defendants, therefore through their negligence/

20.

gross negligence breached the duty of care owed to the Plaintiff that resulted in serious physical and mental/emotional injuries and damages.

87. The breach of duty proximately caused the injuries and damages alleged in this complaint.

Defendant, John Doe # 6 - **COUNT (19)**

Operations Lieytenant at USP - 1 Coleman

88. The "FBOP" through it's Operations Lieutenant, the Defendant, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

89. The Defendant despite having insight to the threats, assaults, and violence that occured and reoccured at USP - 1 Coleman, more specifically in and around the handball courts never applied a solution to correct the problems.

90. The Defendant, therefore through his negligence/gross negligence breached the duty of care owed to the Plaintiff that resulted in serious physical and mental/emotional injuries and damages.

91. The breach of duty proximately caused the injuries and damages alleged in this complaint.

Defendant, Mrs. Cleckner - **COUNT (20)**

Case Manager Coordinator at USP - Coleman

92. The "FBOP" through it's "CMC", the Defendant, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with

21.

or convicted of offenses against the United States.

93. The Defendant was aware of the Plaintiff's cooperation with the Government, non - gang affiliation, and should have diverted or prevented his release to the general prison population prior to or upon his arrival at USP - 1 Coleman.

94. The Defendant, therefore through her negligence/gross negligence breached the duty of care owed to the Plaintiff that resulted in serious physical and mental/emotional injuries and damages.

95. The breach of duty proximately caused the injuries and damages alleged in this complaint.

D. NEGLIGENT FAILURE TO RESPOND TO THREAT

Defendant, M. Chaney - **COUNT (21)**

Case Manager at USP - 1 Coleman

96. The "FBOP" through it's Case Manager, the Defendant, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

97. The Defendant M. Chaney owed the Plaintiff a duty of reasonable care to protect him from assaults by other prisoners.

L.G.

98. The Defendant breached that duty by failing to respond appropriately to the Plaintiff's report of threats to his health and safety.

99. The breach of duty resulted in serious physical and mental/emotional injuries and damages.

100. The breach of duty proximately caused those damages.

22.

Defendant, Mr. Boley – **COUNT (22)**

Unit Manager at USP – 1 Coleman

101. The "FBOP" through it's Unit Manager, the Defendant, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

102. The Defendant, Mr. Boley owed the Plaintiff a duty of reasonable care to protect him from assaults by other prisoners.

103. The Defendant breached that duty by failing to respond appropriately L·G· to the Plaintiff's report of threats to his health and safety.

104. The breach of duty resulted in serious physical and mental/emotional injuries and damages.

105. The breach of duty proximately caused those damages.

Defendant, Dr. Mouriz – **COUNT (23)**

Challenge Program Coordinator at USP – 1 Coleman

106. The "FBOP" through it's Challenge Program Coordinator, the Defendant, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

107. The Defendant, Dr. Mouriz owed the Plaintiff a duty of reasonable care to protect him from assaults by other prisoners.

108. The Defendant breached that duty by failing to respond appropriately L·G· to the Plaintiff's report of threats to his health and safety.

109. The breach of duty resulted in serious physical and mental/emotional injuries and damages.

110. The breach of duty proximately caused those damages.
E. NEGLIGENT FAILURE TO INTERVENE
Defendants, John and/or Jane Does #'s 7, 8, and 9 – **COUNT (24)**
Compound, Recreation, and/or Corrections officers at USP – 1 Coleman

111. The "FBOP" through it's Compound, Recreation, and Corrections officers, the Defendants, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

112. The Defendants owed the Plaintiff a duty of reasonable care to protect him from assaults by other prisoners.

113. The Defendants breached that duty by failing to monitor and man their assigned areas of the Compound/recreation yard because of laziness or careless inattention to duty.

114. The breach of duty resulted in serious physical and mental/emotional injuries and damages.

115. The breach of duty proximately caused those damages.
Defendants, John and/or Jane Does #'s 10 and 11 – **COUNT (25)**
Compound/Recreation Tower officers at USP – 1 Coleman

116. The "FBOP" through it's Compound/Recreation yard Tower officers, the Defendants, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against

24.

the United States.

117. The Defendants owed the Plaintiff a duty of reasonable care to protect him from assaults by other prisoners.

118. The Defendants breached that duty by failing to momitor and man their assigned areas of the Compound/Recreation yard because of laziness or careless inattention to duty.

119. The breach of duty resulted in serious physical and mental/emotional injuries and damages.

120. The breach of duty proximately caused those damages.

F. NEGLIGENT MEDICAL CARE

Defendants, M. Berman & Jane Doe # 12 - **COUNT (26)**

121. The "FBOP" through it's health care providers, the Defendants, had a duty to provide suitable quarters and provide for the safe keeping, care, and subsistence of all persons charged with or convicted of offenses against the United States.

122. The Defendants owed the Plaintiff a duty of reasonable care to provide him with adequate medical care.

123. The Defendants breached that duty by failing to provide adequate medical care to the Plaintiff after he was seriously injured in a violent attack and assault.

124. The breach of duty resulted in serious physical and mental/emotional injuries and damages.

125. The breach of duty proximately caused those damages.

G. **RELIEF REQUESTED**

WHEREFORE, the Plaintiff requests that this Court grant the following relief:

25.

A. Declare that the Defendant's Mark S. Inch, John and/or Jane Does #'s 1, 2, and 3, T. Jarvis, L. Shults, B. Behrens, John Does #'s 4 and 5, John Doe # 6, M. Chaney, Mr. Boley, Dr. Mouriz, and Mrs. Cleckner violated the Plaintiff's Eighth Amendment rights when they failed to protect him from known risks of assault and he was severely assaulted thereof; and

B. Declare that the Defendant's M. Berman and Jane Doe # 12 violated the Plaintiff's Eighth Amendment rights to adequate medical care for serious injuries.

C. Award Compensatory damages for the Plaintiff's physical and mental/emotional injuries, and Punitive damages against each Defendant; and

D. Declare that the Defendant's Mark S. Inch, John and/or Jane Does #'s 1, 2, and 3, T. Jarvis, L. Shults, B. Behrens, John Does #'s 4 and 5, John Doe # 6, M. Chaney, Mr. Boley, Dr. Mouriz, and Mrs. Cleckner violated the "FTCA" provisions when they negligently failed to protect him from known risks of assault and he was severely assaulted thereof; and

E. Declare that the Defendant's M. Chaney, Mr. Boley, and Dr. Mouriz violated the "FTCA" provisions when they negligently failed to respond *L.G. appropriately* to his reported threats of assault and he was severely assaulted thereof; and

F. Declare that the Defendant's John and/or Jane Does #'s 7, 8, and 9 and John and/or Jane Does #'s 10 and 11 violated the "FTCA" provisions when they negligently failed to monitor and man their posts/assigned areas of the Compound/Recreation

26.

yard and he was severely assaulted thereof; and

 G. Declare that the Defendant's M. Berman and Jane Doe
# 12 violated the "FTCA" provisions when they failed to provide
adequate medical care which caused pain and suffering and
damages thereof; and

 H. Award Compensatory damages for the Plaintiff's physical
and mental/emotional injuries; and

 I. Grant the Plaintiff such other relief as it may appear
he is entitled to.


Dated and signed this __13__ day of __July__, 2018.


Respectfully Submitted,

*Sonny F. Gregory*

Larry Franklin Gregory: Pro - Se
Reg. No. 61310 - 018
FCI Marianna
P.O. Box 7007
Marianna, FL 32447 - 7007

27.

## VERIFICATION

I have read the forgoing complaint and hereby certify that the matters alleged herein are true except as to the matters alleged upon information and belief, and as to those, I believe them to be true and correct to the best of my ability.

Sworn to this __13__ day of __July__, 2018.

> Larry Franklin Gregory
> Plaintiff, Pro - Se

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the forgoing complaint was mailed on this __18__ day of __July__, 2018, postage pre - paid, sent first class mail addressed to:

> Clerk of the Court
> U.S. District Court
> M.D. of Florida
> ATTN: Clerk of Court
> 207 N.W. 2nd Street, Suite 337
> Ocala, Fl 34475 - 6603

I further certify that the above is true and correct subject to the penalty of perjury to 28 U.S.C. § 1746.

Sworn to this __13__ day of __July__, 2018.

> Larry Franklin Gregory
> Plaintiff, Pro - Se
> Reg. No. 61310 - 018
> FCI Marianna
> P.O. Box 7007
> Marianna, FL 32447 - 7007

28.